

**Dated: December 12, 2018**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                          )
                                                )
BRUCE DWAIN COPELAND,            )            Case No. 18-13948-JDL
                                                )            Ch. 13
                          Debtor.          )

### ORDER DENYING DEBTOR'S MOTION TO AVOID LIEN

Before the Court for consideration is Pro Se Debtor's *Motion to Avoid Lien* filed on October 25, 2018 ("Motion") [Doc. 16] and the *Response and Objection to Debtor's Motion to Avoid Lien* ("Response") filed on November 8, 2016, by U.S. Bank National Association, Trustee for GSAA Home Equity Trust 2006-12, Asset-Backed Certificates, Series 2006-12 ("U.S. Bank") [Doc. 19].  Debtor's Motion seeks the avoidance of a "lien" under 11 U.S.C. § 522(f) (Real Property).[1]  It appears from his Motion that the Debtor is attempting to avoid a consensual lien held on real property in Torrance, California, originally in favor of

---

[1] Although not directly challenging the Debtor's Motion to Avoid Lien, the Court has also reviewed and considered the *Objection to Debtor's Claimed Exemptions* filed by the Chapter 13 Trustee on November 13, 2018 [Doc. 20] as it challenges the Debtor's right to claim the Torrance, California property as exempt in addition to the Debtor's residence in El Reno, Oklahoma.

Countrywide Home Loans, Inc., the predecessor in interest of U.S. Bank ("Creditor"), by virtue of a Deed of Trust (mortgage) dated May 25, 2006, executed by Debtor and his then wife, Kimberly R. Copeland, in favor of Countrywide Home Loans [Doc. 16, Exhibit A].  The Deed of Trust was recorded on June 9, 2006. [Doc. 16, ¶ 3].  For the Findings of Fact and Conclusions of Law stated below as required by Fed.R.Bankr.P. 7052 and 9014, the Court determines that the Debtor is not entitled to avoid the Creditor's lien under 11 U.S.C. § 522 (f).[2]

**I. The Lien of U.S. Bank Against the Debtor's California Property is a Consensual, Not a judicial, Lien and is Thus Not Avoidable Under § 522(f).**

The Bankruptcy Code establishes grounds for avoiding certain judicial liens that impair an exemption to which a debtor is entitled.  Specifically, § 522(f) provides as follows:

> "(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, *if such lien is* –
>
> (A) *a judicial lien*, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);
>
> ****
>
> (2)(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure." (Emphasis added.)

Thus, in order to avoid a lien under § 522(f) the debtor must show: (1) the lien is a judicial lien; (2) that he has an interest in the property; (3) he is entitled to a homestead exemption

---

[2] All further references to "Code", "Section", and "§" are to the United States Bankruptcy Code, Title 11 U.S.C. § 101 *et seq*., unless otherwise indicated.

in the property; and (4) the asserted lien impairs that exemption. *In re Jordana*, 232 B.R. 469, 473 (10th Cir. BAP 1999). The debtor has the burden of proof to establish that a lien should be avoided under § 522 (f). *In re Thompson*, 263 B.R. 134, 138 (Bankr. W.D. Okla. 2001); *In re Martinez*, 469 B.R. 74, 82 (Bankr. D. N.M. 2012).

The principal and dispositive issue, though not the only issue, presented by the Motion is whether the Creditor's lien qualifies as a judicial lien within the meaning of § 522(f)(1)(A). The word "lien" is defined in § 101(37) of the Bankruptcy Code as a "charge against or interest in property to secure the payment of a debt or performance of an obligation." A "judicial lien" is defined in § 101(36) as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." A "security interest" is defined in § 101(51) as a "lien created by an agreement." There are three categories of liens, which are *mutually exclusive:* (1) security interest; (2) judicial lien; and (3) statutory liens. *In re Thompson,* 240 B.R. 776, 781 (10th Cir. BAP 1999). "It is the origin of the creditor's interest rather than the means of enforcement that determines the nature of the lien." *Id*. (quoting *In re Sanders*, 61 B.R. 381, 383 (Bankr. D. Kan. 1986)). "Just because a creditor resorts to the judicial process to enforce the lien, it does not mean that the lien is a judicial lien." *Id*. "Congress intended for consensual liens or liens by agreement to be defined as a security interest." *Id*.

The latter consensual lien is very different from a "judicial lien," and is not subject to avoidance under § 522(f)(1)(A). *In re Nichols*, 265 B.R. 831 (10th Cir. BAP 2001); *In re Thompson*, 240 B.R. at 781; *In re Chu*, 258 B.R. 206 (Bankr. N.D. Cal. 2001) (holding that a California Deed of Trust lien was in the nature not of a "judicial lien," but of a consensual

"security interest", which debtor could not avoid as allegedly impairing their homestead exemption rights, not even after the entry of judgment of a judicial foreclosure; while deed of trust holder's claim may have merged into judgment of judicial foreclosure, the deed of trust lien remained intact and is not affected by entry of the judgment."); *In re Clark,* 217 B.R. 177 (Bankr. E.D. Va. 1998) (A deed of trust lien that Chapter 7 debtor sought to avoid as allegedly impairing a homestead exemption, was not a "judicial lien" of the kind the debtor could avoid under lien avoidance provision simply because it was recorded in courthouse; the lien did not depend on any act of Court for its validity and required no judgment or process to be effective.)

The Court does not know as to whether or not there has been a judgment entered in the California foreclosure action; however, as pointed out above, it makes no difference. Congress used § 522(f)(2)(C) to contrast mortgage foreclosure judgments from liens which are voidable under § 522(f), clarifying that entry of the foreclosure judgment does not convert the underlying consensual mortgage into a judicial lien which may be avoided. Simply put, mortgage foreclosure judgments do not become judicial liens subject to avoidance under § 522. As explained in *In re Phillips,* 439 B.R. 892, 896-97 (Bankr. N.D. Ala. 2010):

> "The obvious purpose behind § 522(f)(2)(C) is to prohibit debtors from avoiding judgments entered during judicial foreclosure proceedings, but before the actual foreclosure sale, and thereby avoid the mortgage-debt as established by the judgment to the extent of the debtor's homestead exemption. If judgments of foreclosure and similar decrees could be avoided, then in states allowing large homestead exemptions a substantial portion, if not all of the mortgage debt could be avoided leaving the

happy Chapter 7 debtor with not only a financial
fresh start after discharge, but also with a greatly
reduced or totally avoided home mortgage.
Such would be an absurd result and clearly not
one intended by Congress."

**II. The Debtor's Oklahoma Property Was His Domicile for More Than 730 Days Before Bankruptcy Such That the Exemption Laws of Oklahoma Apply and the Debtor's California Property Does Not Qualify for Such Homestead Exemption.**

While Debtor's Motion to Avoid Lien must fail because the lien created by the Deed

of Trust is a consensual, not a judicial, lien, there is one additional matter the court will

address. The Debtor's Petition, Schedules and Statement of Financial Affairs indicate his

residence for at least the last three years prior to filing as being in El Reno, Oklahoma.[3]

---

[3] Debtor's Petition reflects his current of residence as 402 S. Hadden Ave., El Reno, OK. [Doc. 1, Item 5, Pg. 2]. Debtor's Statement of Financial Affairs, Part 1, Item 1, reflects that during the last three years he has not lived anywhere other than where he lives now, Ei Reno, Oklahoma. [Doc. 10, Item 2., pg. 29].

The Court is entitled to take judicial notice of both its own docket sheets and the court docket sheets of other courts. *United States v. Ahidley*, 486 F.3d 1184,1192, n. 5 (10th Cir. 2007) ("We may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *Adams v. Watts,* 2009 WL 5101759 (W.D. OK. 2009) (taking judicial notice of the public records of the District Court of Comanche County available on the Internet); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D. OK. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 79 Fed.Appx. 383, 391 (10th Cir. 2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed.R.Evid. 201). In surveying numerous other pieces of litigation in which Debtor has been involved he has consistently taken the position that for a considerable period of time he ihas been a citizen of the State of Oklahoma and a resident of El Reno, Oklahoma, not of Torrance, California.

On May 31, 2017, Debtor filed suit in the United States District Court for the Western District of Oklahoma, against several attorneys and employees of the Oklahoma Department of Human Services and employees of the Internal Revenue Service, in the case styled *Copeland, Plaintiff v. Lawrence, et. al, Defendants,* Case No. CIV-17-603-HE, seeking a Complaint for

His Schedule C, Exempt Property, shows *both* the El Reno property and the Torrance,

California, property claimed as homestead. [Doc. 10, pg. 8].[4]  Since Debtor's domicile has

been in Oklahoma for at least 730 days (two years) immediately preceding the filing of his

---

Violation of Civil Rights, Abuse of Power, Malicious Prosecution, Mail Fraud, Bivens  Action, Unauthorized Collection Action I.R.C. § 7432, Negligence, Damages, Special damages, Punitive damages.  In his Complaint he alleged that he was a citizen of the State of Oklahoma residing at 402 S. Hadden Avenue,  El Reno, Oklahoma. [CIV-17-603, Doc.1, pg. 1].

On March 20, 2017, Debtor filed a Complaint in the United States District Court for the Western District of Oklahoma, styled *Copeland v. Oklahoma Department of Human Services and the Texas Atty. Gen. Child Support Division, Case No. 17-302-F*.  Again, Debtor alleged that he was a resident of the State of Oklahoma and currently resides at 402 S. Hadden Avenue,  El Reno, Oklahoma.

On December 4, 2012, Debtor filed an eighty-five page Complaint in the United States District Court for the Western District of Oklahoma in the case styled, *Copeland, Plaintiff, v. Brian C. Ostlers, et. al, Case No. CIV-12-1337-HE,* seeking numerous claims for relief, including Declaratory Relief, Quiet Title Fraud, Set Aside  Illegal Trustee's Sale, Slander of Title; Unfair and Deceptive Business practices, Violation of the RICO Act, Actual Fraud, Fraud Upon The Court; Forgery etc.. Amongst the defendants were Bank of America f/k/a Countrywide Home Loans Servicing who has held the Deed of Trust on the Torrance, California, property involved in the present action in this Bankruptcy Court.  In the Complaint filed in 2012, nearly six years before the current bankruptcy, Debtor alleged that he resided at 819 S. Ellison Avenue, in El Reno, Oklahoma, and that his principal place of business was located at the same address.

On November 28, 2017, Debtor filed a Complaint in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, in the case styled, *Copeland, Plaintiff v. U.S. Bank National Association, GSA a Home Equity Trust 2006-2012 , Case No. 17-04154*. The Debtor alleged that he was a citizen of the State of Oklahoma residing at 402 S. Hayden Ave., El Reno, Oklahoma. The Complaint was dismissed because Debtor filed the Complaint as the plaintiff in an adversary in the bankruptcy case of his ex-wife and in which he was not a debtor. [Case No 17-44146].

[4] Debtor's Schedule A/B, [Doc. 10, pg. 1], reflects  the El Reno, Oklahoma, residence as having a value of $40,000 against which there are no liens or encumbrances.  The Torrance, California, property is shown to have a value of $750,000.  Schedule C, Exemptions, shows real estate (presumably the California property) having an exemption value of $400,000, and the other property (presumably El Reno, Oklahoma) with the value claimed as exempt of $122,000. As stated, the El Reno property appears to be free and clear of liens and encumbrances. Under his original Schedules Debtor was seeking to keep the Oklahoma homestead, which is free and clear, as exempt from the Trustee while at the same time claiming the California property also exempt and attempting to avoid the lien on it which is encumbered by U.S. Bank.

bankruptcy his exemptions are determined by the law of the State of Oklahoma. §

522(b)(3)(A).  Oklahoma law provides that "property exempt from attachment or execution

and any other species of forced sale for the payment of debts" and includes "the home of

such person, provided that such home is the *principal residence* of such person .... 31

O.S. §1(A)(1).  Once property is impressed with homestead character, it continues to be

homestead until the owner voluntarily changes its character by disposing of it or

abandoning it. *In Matter of Wallace*, 1982 OK 80, 648 P.2d 828; *In re Simpson*, 206 B.R.

230 (Bankr. E.D. Okla. 1997).

In his Motion, Debtor sought to claim both the California and Oklahoma real property

as his exempt homestead. In Oklahoma, debtors are entitled to exempt *one* homestead

per family.  *In re Gibson*, 433 B.R. 868, 870 (Bankr. N.D. Okla. 2010 ); *Glaze v. Drawver*,

1941 OK 293, 117 P.2d 544, 546.  A debtor is not entitled to claim two properties, let alone

two properties not even in the same state, as exempt homestead.  Apparently in reaction

to the Trustee's *Objection to Debtor's Claimed Exemptions* filed on November 13, 2018,

which pointed out that a debtor was only entitled to claim one homestead exemption,  the

Debtor filed his *Amended Schedule C* on November 19, 2018 [Doc. 23] in which he now

claims only the Torrance, California, property as his exempt homestead.[5] This amendment

---

[5] On the same date that he filed his Amended Schedule C, November 19, 2018, Debtor also filed an Amended Voluntary Petition and Schedules by which he added "R&R Real Estate Trust as his d.b.a. based in Torrance Ca."  to his Schedule E/F as well as an Amended Schedule E.". [Doc. 22-1]. The Amended Voluntary Petition, like the original Petition, indicated the Debtor lived at 402 S. Hadden  St. in El Reno, Oklahoma, and checked the box indicating that  "over the last 180 days before the filing this petition, I have lived in this district longer than in any other district." [Doc. 22-1, pg.3, Item 5].

(maneuver) does not change the outcome, i.e. that the Debtor is not entitled to claim the California property as homestead.

Prior to the enactment of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), debtors were required to apply the exemption laws from the state that was the domicile for the 180 days immediately preceding the date of the filing of the petition or the state where they were domiciled for the greater portion of that 180-day period.  BAPCPA changed the domicile requirements for determining which state exemption laws are applicable to a debtor.  Under BAPCPA, the test for determining which state exemptions laws apply depends on whether the debtor has lived in the state where the bankruptcy petition is filed for at least 730 days immediately preceding the filing.  If so, the debtor's exemptions are evaluated either under the Federal exemption laws, § 522(d), or the exemption laws of the filing state, depending upon whether that state is an "opt-out" state. § 522(b)(2) or (b)(3).  Oklahoma is an "opt-out " state, Title 31 O.S. §1(B) providing that, "No natural person residing in this state may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of Section 522 of the Bankruptcy Reform Act of 1978." Thus, the opt-out provision coupled with the 730 day residence requirement precludes the Debtor from employing the Oklahoma exemption laws to extraterritorial effect so as to apply to property located in another state.  The Torrance, California, property is not Debtor's residence, and may not be claimed as exempt.

Consequently, for the reasons above set forth, including primarily the fact that the U.S. Bank National Association, Trustee for GSAA Home Equity Trust 2006-12, Asset-Backed Certificates, Series 2006-12's  Deed of Trust is a consensual lien as well as the fact that the Debtor's claim of exemption cannot be applied extraterritorially to the

8

California Property, U.S. Bank National Association, Trustee for GSAA Home Equity Trust 2006-12, Asset-Backed Certificates, Series 2006-12 is not the holder of a lien which "impairs an exemption" under § 522(f). Accordingly,

**IT IS THEREFORE ORDERED,** that the Debtor's *Motion to Avoid Lien* [Doc. 16] is hereby **Denied.**

# # #