**Dated: February 14, 2019**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re: )
 )
BRUCE DWAIN COPELAND, ) Case No. 18-13948-JDL
 ) Ch. 13
      Debtor. )

### ORDER DENYING DEBTOR'S MOTION TO AVOID LIEN

Before the Court for consideration is *Pro Se* Debtor Bruce Dwain Copeland's ("Copeland") *Motion to Avoid Lien* filed on January 30, 2019 ("Motion") [Doc. 47] and the *Response and Objection to Debtor's Motion to Avoid Lien* ("Response") filed by U.S. Bank National Association Trustee, for GSAA Home Equity Trust 2006-12, Asset-Backed Certificates, Series 2006-12 on February 8, 2019 ("U.S. Bank") [Doc. 50]. Debtor's Motion seeks the avoidance of U.S. Bank' s "lien" under 11 U.S.C. § 522(f)[1]. The lien which Debtor seeks to avoid is a consensual mortgage interest created under a Deed of Trust

---

[1] Unless otherwise indicated, all statutory references and citations are to the Bankruptcy Code, Title 11, U.S.C. §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure 1001-9037.

(mortgage) dated May 25, 2006, executed by Debtor and his then wife, Kimberly R. Copeland, in favor of U.S. Bank on real property in Torrance, California. The Deed of Trust was recorded on June 9, 2006. [Doc. 16, ¶ 3].

In the immortal words of Yogi Berra, "It's déjà vu all over again."[2] For the second time Debtor moves to avoid U.S. Bank's lien on his former residence in Torrance, California (the "Property"). The Court having entered its *Order Denying Debtor's Motion to Avoid Lien* on December 12, 2018 [Doc. 28] on the basis that § 522(f) only permits avoidance of a lien which is (1) created by judicial action, i.e. non-consensual and (2) on property which is the debtor's exempt homestead. U.S. Bank's lien was consensual, and the Debtor's Torrance, California, property is not his exempt homestead. The only real difference between the Debtor's prior Motion to Avoid Lien and the present one is that he has "repackaged" the Motion to allege that the lien is a "judicial lien" because (1) it constituted a refinancing of his residence as was authorized by the California Bankruptcy Court in his previous bankruptcy, and (2) the Promissory Note and Deed of Trust (mortgage) was void *ab initio* because it was created by U.S. Bank's fraud. Pursuant to Fed.R.Bankr P. 7052 and 9014, the Court finds that based on the following Findings of Fact and Conclusions of Law Debtor's *Motion to Avoid Lien* is without merit and will be denied.

### I. Copeland is Precluded From Seeking Avoidance of U.S. Bank's Mortgage Lien By the Doctrines of Issue Preclusion and the Law of the Case

As stated above, this is Copeland's "second bite at the apple", the Court having previously held that he could not avoid U.S. Bank's lien under § 522(f). In its prior Order

---

[2] Lawrence Peter "Yogi" Berra available at Yogi Berra Official Web Site, *http://.yogiberra.com/yogii-isms.html*

the Court found that U.S. Bank's lien was a consensual and not a judicial lien. Copeland now argues that it is a judicial lien albeit on a theory not espoused in his first Motion. However, he is barred from again asserting that U.S. Bank has a judicial lien.

The doctrine of issue preclusion "comes into play when an issue involved in a prior decision is the same decision involved in the subsequent action." *In re Scrivner*, 535 F.3d 1258, 1266 (10th Cir. 2008); *Mabry v. State Board of Community Colleges & Occupational Education*, 813 F.2d 311, 316 (10th Cir. 1987). Issue preclusion bars "successive litigation of (1) *an issue of law or fact* (2) *actually litigated and resolved* in a valid court determination (3) *essential* to the prior judgment, even if the issue recurs in the context of a different claim." *In re Zwanziger*, 741 F.3d 74, 77 (10th Cir. 2014) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161 (2008). The doctrine also requires that the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *United States v. Rogers*, 960 F.2d 1501,1508 (10th Cir.1992); *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir.1995).

Issue preclusion prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit. *Melnor, Inc. v. Corey (In re Corey),* 583 F.3d 1249, 1251 (10th Cir. 2009). Claim and issue preclusion apply in bankruptcy. *Brown v. Felsen,* 442 U.S. 127,134-39, 99 S.Ct. 205 (1979); *Grogan v. Garner*, 498 U.S. 279, 285, 111 S.Ct. 654 (1991). The Court has already held that the lien on Copeland's property was not a judicial lien. The fact that Copeland has now come up with new theory to assert that claim which his prior motion could have been previously argued does not save him from being bound by issue preclusion.

Copeland's attempt to relitigate avoidance of the lien is also barred by the doctrine of the "law of the case" which "posits that '[w]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'"  *Scrivner,* 535 F.3d at 1265; *Mason v. Texaco, Inc.*, 984 F.2d 1546, 1553 (10th Cir. 1991) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382 (1983)); *In re George Love Farming, LLC*, 438 B.R. 354, 2010 WL 813689 (10th Cir. BAP 2010); *In re Buckner*, 218 B.R. 137, 142 (10th Cir. BAP 1998).

Though the Court has found that Copeland is precluded from seeking to avoid the lien by virtue of its prior decision, the Court will briefly address why Copeland's new theory of why the lien is a judicial one is without merit.

### II. The Lien of U.S. Bank Against the Debtor's California Property is a Consensual, Not a Judicial, Lien and is Thus Not Avoidable Under § 522(f).

The Bankruptcy Code establishes grounds for avoiding certain judicial liens that impair an exemption to which a debtor is entitled.  Specifically, § 522(f) provides as follows:

> "(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, *if such lien is* –
>
> (A) *a judicial lien*, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);
>
> ****
> (2)(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure."  (Emphasis added.)

Thus, in order to avoid a lien under § 522(f) the debtor must show: (1) the lien is a judicial

lien; (2) that he has an interest in the property; (3) that he is entitled to a homestead exemption in the property; and (4) the asserted lien impairs that exemption. *See, In re Jordana*, 232 B.R. 469, 473 (10th Cir. BAP 1999). The debtor has the burden of proof to establish that a lien should be avoided under § 522(f). *In re Thompson*, 263 B.R. 134, 138 (Bankr. W.D. Okla. 2001); *In re Martinez*, 469 B.R. 74, 82 (Bankr. D. N.M. 2012).

In his Motion, Copeland argues that U.S. Bank's lien is a judicial lien because the California Bankruptcy Court in Copeland's Chapter 11 case authorized the refinancing of his then residence. Thus, contends Copeland, "this lien 'ordered' by the Court meets the textbook definition of a 'judicial lien'" within the meaning of § 522(f)(1)(A). (Underlining in original). [Doc. 47, pg. 2].[3]

The word "lien" is defined in § 101(37) of the Bankruptcy Code as a "charge against or interest in property to secure payment of a debt or performance of an obligation." A "judicial lien" is defined in § 101(36) as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." A "security interest" is defined in § 101(51) as a "lien created by an agreement." There are three categories of liens, which are *mutually exclusive:* (1) security interest; (2) judicial lien; and (3) statutory liens. *In re Thompson,* 240 B.R. 776, 781 (10th Cir. BAP 1999). "It is the origin of the creditor*'s* interest rather than the means of enforcement that determines the nature of the lien." *Id*. (quoting *In re Sanders*, 61 B.R. 381, 383 (Bankr. D. Kan. 1986)). A consensual lien is very different from a "judicial lien," and is not subject to avoidance under § 522(f)(1)(A). *In re Nichols*,

---

[3] Copeland does not indicate the "textbook" to which he relies on for his definition of judicial lien. The Court relies on the definition found in the U.S. Bankruptcy Code.

5

265 B.R. 831 (10th Cir. BAP 2001); *In re Thompson*, 240 B.R. at 781; *In re Chu*, 258 B.R. 206 (Bankr. N.D. Cal. 2001) (holding that a California Deed of Trust lien was not in the nature of a "judicial lien", but of a consensual "security interest", which debtor could not avoid as allegedly impairing their homestead exemption rights, not even after the entry of judgment of a judicial foreclosure; while deed of trust holder's claim may have merged into judgment of judicial foreclosure, the deed of trust lien remained intact and is not affected by entry of the judgment.)

In this case, U.S. Bank's lien does not exist by virtue of the California Bankruptcy Court approval of his attempts to refinance the Torrance property. The California Bankruptcy Court's *Order Granting Motion for Authority to Obtain Post-Petition Financing,* entered on October 13, 2005, merely provided that "[t]he Debtor is authorized to take all actions he deems necessary and proper in order to effectuate refinancing of the property ..."[4]  The Order does not even mention the name of any entity that might refinance the property.  The fact that the Bankruptcy Court gave Copeland the "green light" to seek refinancing did not vest any rights in U.S. Bank and did not encumber his Property. The Deed of Trust created the lien, and there would be no lien in its absence.  It is not a judicial lien under § 522(f) and thus not avoidable.

**IT IS THEREFORE ORDERED** that Copeland's *Motion to Avoid Lien* filed on January 30, 2019 ("Motion") [Doc. 47] is **Denied.**

# # #

---

[4] *In re Bruce Dwain Copeland,* Bankr. C.D. Cal., Case No. LA-05-11844-ES [Doc. 91]. This Court is entitled to take judicial notice of the Order. *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) ("We may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *In re Agrawal*, 560 B.R. 566 (Bankr. W.D. 2016).